IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| EMPLOYERS INSURANCE COMPANY | ) | |
| OF WAUSAU, as subrogee of | ) | |
| Pac West Diversified, LP, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Civil Action No.:  3:24-cv-00197 |
| | ) | |
| PROTECH ROOFING SYSTEMS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

## COMPLAINT

Plaintiff, EMPLOYERS INSURANCE COMPANY OF WAUSAU, as subrogee of PAC WEST DIVERSIFIED, LP, by and through its counsel, files this Complaint and Demand for Jury Trial against ProTech Roofing Systems, LLC and alleges the following:

## THE PARTIES

1.     Plaintiff EMPLOYERS INSURANCE COMPANY OF WAUSAU (hereinafter referred to as "Employers") is a corporation duly organized and existing under the laws of the State of Wisconsin, having its principal place of business at 175 Berkeley Street, Boston, Massachusetts. Employers is in the business of writing property and casualty insurance coverage, including property loss coverage, and is duly licensed and authorized to conduct business in the State of Texas.

2.     Defendant ProTech Roofing Systems, LLC ("ProTech") is a limited liability company organized and existing under the laws of the State of Texas, is a roofing contractor engaged in the business of, *inter alia*, roofing installations and roof repairs with its principal place of business located at 5959 Gateway West 325, El Paso, Texas, 79925. The members of ProTech

1

are individuals Noe Flaco and Armando Ponce, both of whom reside in El Paso, Texas. *See* Texas Franchise Tax Public Information Report filed by ProTech on 2-21-2023 attached as Exhibit "A". ProTech may be served with process by serving its registered agent Noe Flaco at 13579 La Batalla Court, El Paso, Texas 79928.

3.      At all relevant times, Employers provided property insurance coverage to Pac West Diversified, LP against claims arising from certain perils and damages and under which said insurance policy was in full force and effect.

## JURISDICTION AND VENUE

4      Original jurisdiction of this Court exists pursuant to 28 U.S.C. §1332 because there is complete diversity of citizenship between Plaintiff and Defendant and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

5.      Venue is proper in this Court pursuant to 28 U.S.C. §1391 in that a substantial part of the events and/or omissions giving rise to the claim occurred within this District.

## FACTUAL ALLEGATIONS COMMON TO ALL COUNTS

6.      At all relevant times, the building located at 6750 North Desert Boulevard, El Paso, Texas 79912 was owned by Pac West and is operated as a combined warehouse and commercial office building.

7.      On or about August 16, 2022, ProTech entered into a contract with Buzz Oates Management Services ("Buzz Oates") as agent for Plaintiff Pac West wherein ProTech agreed to, among other things, repair portions of the roof on the building at 6750 North Desert Boulevard, El Paso, Texas 79912 ("the Building"). A true and correct copy of the contract is attached to this complaint as Exhibit "B" ("the Contract").

8.     On or about September 21, 2022, while ProTech was performing its roofing work, rainwater was allowed to enter the property causing water damage throughout the Building. Damage occurred to, *inter alia*, the ceiling tiles, walls and carpet on both floors in all offices, restrooms, lobby and cafeteria, which is along the front of the building.

9.     As a direct and proximate result of the roofing work performed by ProTech and the resulting damages to the building, roof, extra expenses, and business interests, Pac West Diversified, LP sustained losses in an amount in excess of One Million Three Hundred Thousand Dollars ($1,300,000.00) which were reimbursed to it by Employers pursuant to the insurance policy then in effect.

10.     As a direct and proximate result of the roof leak and resulting damage, Plaintiff sustained property damage in an amount in excess of $1,300,000.00pursuant to the policy provisions.

11.     As a result of its payments, Plaintiff is subrogated to the rights of Pac West Diversified, LP to recover damages from third persons to the extent of its payments to Pac West Diversified, LP.

12.     The acts and omissions of the defendant, and its employees, servants, and agents directly and proximately caused the damages which Plaintiff has suffered.  Accordingly, the defendant is liable to Plaintiff for the previously described damages.

### COUNT I – BREACH OF CONTRACT
### PLAINTIFF v. PROTECH

13.     Plaintiff hereby incorporates and realleges by reference paragraphs 1 through 12 as if fully stated herein.

14.    Via of the Contract, defendant ProTech represented itself as having superior knowledge and skill with respect to the installation and repair of commercial and industrial building roofs.

15.    Via of the Contract with Buzz Oates as agent for Pac West, Plaintiff relied on defendant ProTech's skill, knowledge and judgment in the repair of the roof for the Building.

16.    Defendant ProTech expressly agreed to perform its work in a good and workmanlike manner according to existing standards of construction and roofing in the area in which the roof was repaired and that the repair methods and materials used would be sound.

17.    Plaintiff's subrogor Pac West Diversified, LP relied upon defendant ProTech's contractual representations.

18.    Defendant ProTech failed to perform its work in a good and workman like manner as required by the Contract.

19.    As a direct and proximate result of defendant ProTech's breach of contract of workmanship and materials, Plaintiff suffered damages as described herein.

WHEREFORE, Plaintiff demands judgment against defendant ProTech in an amount in excess of $1,300,000.00 according to proof, together with prejudgment interest, attorney's fees as allowed by the contract, the costs of this action, and such other relief as this Court deems just and proper.

## <u>COUNT II – NEGLIGENCE</u>
## <u>PLAINTIFF v. PROTECH</u>

20.    Plaintiff hereby incorporates and realleges by reference paragraphs 1 through 12 as if fully stated herein.

21.     Defendant ProTech had a duty to exercise reasonable care in its roof repair and replacement work and in its selection and supervision of the persons engaged to perform the repair of the roof system for the Building.

22.     Defendant ProTech had a non-delegable duty to ensure that the roof repair for the Building was performed with reasonable care and in a good and workmanlike manner.

23.     As a direct and proximate result of defendant ProTech's negligence, carelessness, and negligent omissions, Plaintiff suffered damage to its business property and business interests. The defendant's negligence, carelessness, and negligent omissions consisted, *inter alia*, of:

      a.    failing to use reasonable care to ensure that the roofing work was properly performed in a good and workmanlike manner;

      b.    failing to use reasonable care in the supervision of the roof repair;

      c.    failing to ensure that the Building would be safe from an unreasonable risk of damage due to the failure to perform the work in a workmanlike manner;

      d.    failing to act as a reasonably prudent roofer and installer of roofing systems; and

      e.    otherwise failing to exercise reasonable care in ways which may be disclosed in discovery.

24.     As a direct and proximate result of defendant ProTech's negligence as aforesaid, Plaintiff suffered damages as described herein.

WHEREFORE, Plaintiff demands judgment against defendant ProTech in an amount in excess of $1,300,000.00 according to proof, together with prejudgment interest, the costs of this action, and such other relief as this Court deems just and proper.

This 7th day of June, 2024.

SALTZ NALIBOTSKY

*/s/ Jay M. Goldstein*
Jay M. Goldstein, Esquire
Texas Bar No.:  24075791
6101 Carnegie Blvd., Suite 440
Charlotte, North Carolina 28209
Phone: 704-910-2680
Email: jgoldstein@s-nlaw.com

*Counsel for Plaintiff*